## Ellinger *v.* Phila., Wilmington & Baltimore R. R., Appellant.

[Marked to be reported.]

*Negligence—Railroads—Passengers —Alighting from train.*

A common carrier is not bound to protect its passengers from rudeness or bad manners on the part of strangers or other passengers, unless such conduct amounts to a breach of the peace.

A woman is not entitled to recover damages from a railroad company for personal injuries where it appears from her own testimony that, when she was about to descend from the lower step of a car to the ground, she was jostled off by another passenger rudely pushing by her to enter the car.

Argued Jan. 4, 1893. Appeal, No. 414, Jan. T., 1892, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1889, No. 794, on verdict for plaintiff, Elizabeth Ellinger. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries.

The facts as they appeared at the trial, before PENNYPACKER, J., are stated in the opinion of the Supreme Court.

Binding instruction for defendant was refused. [1]

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was (1) instruction, quoting it.

*David W. Sellers,* for appellant.—The cases in this state, in the slightest degree cognate, are easily distinguishable. In Pass. Ry. v. Stutler, 54 Pa. 375, the minor was injured by the premature start of the car. In Meier v. P. R. R., 64 Pa. 226, the axle broke. In R. R. v. Alvord, 128 Pa. 43, the cause of the injury was the alleged act of the brakeman. As he was the servant of the carrier the rule of respondeat superior applied. In Graham v. Penn. Co., 139 Pa. 149, the passenger after dark fell by reason of the different elevation of two connecting platforms.

Unless the impulsive movements of passengers can be regarded as certain data on which to take precaution, it is difficult to perceive what standard of 'care can be applied which will necessarily prevent a mishap like that on which this action rests. In Gallagher v. Ry., 108 Pa. 524, this court held it to be error to charge that where a passenger was jostled off the lower step of a car that "if the jury believe that the existence of a guard would have prevented the accident they were at liberty to find negligence in not providing it."

*Dimner Beeber,* for appellee.—It would have been error to have withdrawn the case from the jury : McCully v. Clarke, 40 Pa. 399; Schum v. P. R. R., 107 Pa. 8. The facts justified the verdict: Laing v. Colder, 8 Pa. 479; R. R. v. White, 88 Pa. 327; Pittsburgh & Connellsville R. R. v. Pillow, 76 Pa. 510; P. R. R. v. Peters, 116 Pa. 206 ; Treat v. Boston & Lowell R. R., 131 Mass. 371.

OPINION BY MR. JUSTICE WILLIAMS, February 20, 1893 :

The injury from which the plaintiff suffered, and for which she seeks to recover in this action, was a fracture of the fibula a short distance above the ankle joint. She was a passenger over the defendant's railroad from Baltimore to Wilmington, and was alighting from the train at the railroad station in the latter city when the accident occurred. She explained the circumstances to the jury at the trial as follows: " I started to come down the steps, I hesitated to come down because there was no one to help passengers off. When I got on the last step a gentleman stepped up; I was too far down to turn around and go back up to leave him through. As I went to step down he stepped up and jostled me off." She repeated the same ac-

count on cross-examination. She was asked: "You was on the lowest step stepping down as he came between the body of the car and yourself and jostled you?" She replied, "Yes." This is the whole case. Upon this state of facts the question of negligence was submitted to the jury and promptly found in favor of the plaintiff. The question before us is whether there were such proofs of negligence as to justify the submission of the question, or sustain this verdict? It is important to remember that there was here no failure of any of the appliances of transportation to bring the case within the rule laid down in Laing v. Colder, 8 Pa. 482. The plaintiff had been carried safely to her destination. The train was at rest. Unlike the case of Penna. Railroad Company v. Peters, 116 Pa. 206, ample time was afforded her to leave the train. No complaint is made about the character of the steps, and the evidence shows that the usual guard-rail by which passengers may steady their descent was in its proper place. The platform was neither defective in construction or condition. Many passengers from the same car preceded her in passing down the steps, while others followed closely behind her. She had reached the lowest step and was in the act of stepping from it to the platform when an impatient man desiring to take the train at that station stepped up on the step she was leaving and in so doing crowded or jostled her, and she fell. The immediate cause of her fall was the act of the impatient man in his effort to get upon the car. If the railroad company was bound to anticipate and provide against his haste and want of civility in his effort to reach a seat in the car, then the verdict is right. If not, then there was no cause for a jury and a compulsory nonsuit should have been entered. Protection against violence from drunken and disorderly persons upon its trains is the duty of the carrier: Pittsburgh and Connellsville Railroad Company v. Pillow, 76 Pa. 510. This duty doubtless extends to passengers waiting for trains in the rooms provided for them at railroad stations. But protection against bad manners is not, so far as I am aware, one of the duties owing by a carrier to its passengers. Rudeness is a breach of no positive law. The ordinary cars are, and must be, open to the masses, among whom there will be different degrees of intelligence and politeness; differences in physical vigor and temperament. There is therefore, necessa-

rily, a certain amount of rudeness, of haste, of selfish disregard of the nerves and of the comfort of others, to be met with wherever men and women congregate, whether upon railroad trains, in places of amusement or upon the streets of a city. Unless such conduct amounts to a breach of the peace the officers of the law can take no cognizance of it, and carriers are not bound to prevent it or liable in damages for its appearance about their stations or trains. The plaintiff was the victim of an act of rudeness. Just as she was letting herself down from the lowest step to the platform an impatient man thought he saw an opportunity to reach the interior of the car, and stepped up beside her just at the instant when a " jostling " would disturb her poise and lead to her fall. Without intending harm, he inflicted it. It is not easy to see how the defendant could have prevented the accident by any system less comprehensive than one which should require it to escort every incoming passenger from the interior of the car to a place of safety outside its grounds ; and every outgoing passenger from its waiting rooms to a seat inside the train. Neither the common law nor the statutes of this state have imposed such a duty on the carrier, and a jury should not be allowed to do it.

The judgment in this case is reversed.