## Brehony v. Pottsville Union Traction Company, Appellant.

*Negligence—Street railways—Passenger—Intoxicated passenger.*

In an action by a woman passenger against a street railway company to recover damages for personal injuries sustained as the result of a kick of an intoxicated passenger, where the only negligence alleged was the action of the conductor in admitting into the car the man who inflicted the injuries, when visibly intoxicated, it is reversible error to submit the case to the jury where the evidence shows that there was nothing in the appearance or the conduct of the man as he entered the car to attract attention, or excite suspicion, and that he did not become violent until an altercation arose between him and the conductor as to the fare.

Argued Feb. 18, 1907.  Appeal, No. 344, Jan. T., 1906, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1904, No. 74, on verdict for plaintiffs in case of William Brehony and Delia Brehony, his wife, v. Pottsville Union Traction Company.  Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before BECHTEL, P. J.

The opinion of the Supreme Court states the case.

Verdict for Delia Brehony for $1,800 and for William Brehony for $400.  Defendant appealed.

*Error assigned* among others was in submitting the case to the jury.

*R. H. Koch*, for appellant.—An intoxicated person has as much right in a passenger car as a sober one, so long as he properly conducts himself: Sullivan v. Jefferson Arc. Railway Co., 133 Mo. 1 (34 S. W. Repr. 556); Spohn v. Missouri Pacific Ry. Co., 87 Mo. 74; Thompson v. Manhattan Ry. Co., 27 N. Y. Supp. 608; Meier v. Penna. R. R. Co., 64 Pa. 225.

*George M. Roads*, with him *M. A. Kilker*, for appellees.— The defendant owed the plaintiff the duty of protection : Pitts-

burg & Connellsville R. R. Co. v. Pillow, 76 Pa. 510 ; Rommel
v. Schambacher, 120 Pa. 579 ; Duggan v. B. & O. R. R. Co.,
159 Pa. 248 ; Artherholt v. Erie Electric Motor Co., 27 Pa.
Superior Ct. 141.

Opinion by Mr. Justice Stewart, May 6, 1907 :

A passenger, more or less under the influence of drink, who
had refused to pay his fare when demanded, and thereupon
became disorderly in resisting the conductor who was attempt-
ing to eject him, gave a violent kick directed at the conductor
but which struck the plaintiff, Mrs. Brehony, a married woman
occupying a seat opposite in the car, and seriously injured her.
The action was brought by the injured woman and her hus-
band, William Brehony, against the traction company to re-
cover damages for the injuries sustained, on the ground that
the company unlawfully and negligently permitted the person
who inflicted the injury to get on the car and ride therein while
visibly intoxicated. This is the only negligence charged in
the statement filed. We must assume, therefore, that in eject-
ing the unruly passenger, the conductor was strictly in the line
of his duty, and that he used no greater violence and created
no greater disturbance than the circumstances made necessary.
We have the single question presented—whether it was negli-
gence in the conductor to admit to the car the passenger who
afterwards inflicted the injury. The averment in the statement
of cause of action is, that this person was visibly and plainly
intoxicated. The evidence supported the averment. Several
of the witnesses say he was drunk ; others say he was visibly
intoxicated, and others that they thought he was somewhat
intoxicated, but not to a serious degree. All spoke from what
they saw of his behavior after he was on the car, and all but
one or two derived their opinion from his behavior while in
altercation with the conductor. None spoke of his conduct
while approaching the car or entering it, and all say that while
seated, and up until the altercation arose, he was conducting
himself properly, giving no offense to any. It is impossible
from the evidence to determine the decree of the man's intoxi-
cation. We have simply the case of a man intoxicated by
liquor. As that expression is commonly used, it indicates
nothing as to the degree ; it may mean much, or may mean very

little.   One thing is clear, the man was not so intoxicated as to require help.   He entered the car unaided, and in a way that attracted no attention and excited no comment.   The same is true of his conduct in the car until the controversy began.   One of plaintiffs' witnesses says that she saw him running to the crossing in order to take the car.   The case was submitted to the jury in a charge which did not with sufficient clearness confine the inquiry to the point really in issue ; and, in view of the great latitude allowed them, it is impossible to know certainly what the jury found with respect to the intoxication, if anything.   In the view we take of the case, it is not material that we should know.   The case did not call for a submission. It is the duty of a conductor to exercise a watchful care for the safety of his passengers ; and this duty may require him under certain conditions to refuse to admit into his car a person applying.   The measure of care he is bound to exercise in doing so, we are not now called upon to consider.   If one applying for admission bears upon his person signs convincing to the ordinary mind that he is afflicted with a dangerous and contagious malady, it is manifestly the duty of the conductor to exclude him.   If one evidently a maniac applies, the duty to reject is quite as manifest.   If it be said these are extreme cases, the answer is that only in extreme and exceptional cases does the duty arise.   In the cases we have mentioned, common prudence should inform the conductor that the admission of either would be attended with danger to the other passengers, and it would be negligence in him to allow it. But such danger cannot be affirmed of admitting a person who is simply intoxicated.   Intoxication is not infectious ; nor does it so ordinarily express itself in violence, that disturbance of the peace of the car is to be reasonably apprehended when an intoxicated person is admitted.   There may be, and doubtless are, exceptional cases where the intoxication is so gross, the conditions resulting therefrom so offensive, the conduct of the individual so unbecoming and violent, as to justify, and indeed require, his exclusion.   If this was the condition of the offending passenger here, so obvious that the conductor should have observed it, such facts should have been made to appear as part of the plaintiffs' case.   It was essential to a recovery.   The case went to the jury to determine the question of the con-

ductor's negligence from the testimony of witnesses, none of whom saw anything in the appearance or conduct of the man as he entered the car to attract attention or excite suspicion. These witnesses agree in saying that he subsequently gave unmistakable evidence of being intoxicated ; but their evidence is in entire accord that up to the time the altercation with the conductor arose, he was conducting himself peaceably and inoffensively.    That the jury rendered a verdict for the plaintiffs can only be explained on the theory that under the latitude allowed by the court in the charge they rested the conductor's negligence upon something not charged, and, therefore, outside the case.    The only question was whether it was negligence to admit this passenger.    Defendant's ninth point was : " Under all the evidence in the case the verdict of the jury must be for the defendant."    Its refusal is made the subject of the fifth assignment of error.    This assignment is sustained.

Judgment reversed.