# Widener, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Passenger—Injury to passenger by passenger.*

Where a person in getting on to a street car with others is shoved and injured by a passenger standing on the platform, and the whole incident happened in so short a time that the conductor has no opportunity to interfere and prevent the injury, the street railway company will not be liable in damages to the man injured.

Argued Jan. 18, 1909. Appeal, No. 270, Jan. T., 1908, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1904, No. 1,450, refusing to take off nonsuit in case of William F. Widener v. Philadelphia Rapid Transit Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The court entered a compulsory nonsuit which it subsequently refused to take off, FERGUSON, J., filing the following opinion:

The negligence alleged in this case was that the conductor of

the car permitted the plaintiff to be wantonly assaulted by an unruly passenger, as a consequence of which injuries were received.

It is clear from the evidence that a number of men who had been working at the League Island Navy Yard were lined up along the tracks waiting for the approaching car, and as the car passed them they jumped on to the platform. According to the plaintiff, two men boarded the car immediately in front of him, and he reached the step in safety and had one foot upon the platform and one foot on the step, when he was pushed by a man whom he called a marine, who was also standing on the step. Plaintiff had his back to this marine and says the marine pushed him against the gate, and as a consequence his knee was injured. The plaintiff saw this man push or jostle the men who preceded him, and what happened with regard to himself happened in a second or two of time. The conductor was upon the platform. The evidence of the other witnesses who boarded the car was to the effect that they, in jumping on the car, were interfered with by this marine. One of the witnesses testified to a remark made by the marine to the effect that he was trying to get off, and his actions were variously described as pushing and shoving and interfering.

It is undoubtedly the law that a conductor must police his car and when he is able, prevent injury to passengers from wanton assaults of unruly passengers, and when the car stops to take on or let off passengers it is his duty to see that the passageways are clear for ingress and egress. In this case the car had not stopped, and we must presume that the marine, being on the car, was a passenger. Whatever happened took place in an exceedingly brief period of time, and in order to measure the conductor's responsibility the circumstances of the case must be considered in order to arrive at a conclusion as to what he could have done to prevent the injury to the plaintiff. With the car in motion and a passenger upon the step and a number of men in rapid succession quickly boarding the car, with jostling and pushing, assuming that it was all done by the one passenger, it is difficult to see how the conductor could have interfered in a way to protect the plaintiff from

what happened, assuming he had time to do it. The natural consequences of a physical interference on his part would probably have been to throw some of the persons into the road. But from the evidence we cannot see that sufficient time elapsed after the conductor was cognizant of the conduct of this passenger, assuming him to have been unruly, to have prevented the injury to the plaintiff. The only evidence in the case which has given us any doubt at all upon the propriety of the action of the court in entering a nonsuit was that of the witness Harmon. His testimony was to the effect that the marine was pushing the intended passengers off, and the witness subsequently went back to see the plaintiff who was "thrown off" the car. Upon cross-examination this witness said he did not see the plaintiff fall from the car, but that he did see two men shoved off who immediately preceded him. The plaintiff's story being that the two men who preceded him boarded the car in safety, though interfered with by the marine, and the witness Harmon testifying that he had seen two men pushed off the car before the plaintiff boarded it, might be said to be one of those inconsistencies which necessarily would take the case to the jury. But assuming it to be true that the two intended passengers who attempted to board the car before the plaintiff were shoved off as this witness testified instead of getting on, as the plaintiff testified, it does not give us any clearer notion of the time in which the events occurred than we have from the plaintiff's own testimony. The negligence of the conductor in this case, if there was negligence, consisted in his permitting something to be done which he could have prevented; and we fail to find anything in the evidence to warrant an inference that this negligence existed. The events, as described by the plaintiff and his witnesses, were too unexpected to be guarded against by the exercise of reasonable care.

The burden was upon the plaintiff to show by the evidence the failure on the part of the servant of the defendant to perform his duty. The evidence was sufficient to sustain a finding as to the injury received, but it was wanting in facts to sustain a finding of neglect of duty on the part of the conductor.

This latter finding was essential to the plaintiff's case, and where it could not be found because of an insufficiency in the evidence the court had no right to permit the case to go to the jury in order to have them fill in the gaps in the evidence by mere guesswork.

The motion is overruled.

*Error assigned* was refusal to take off nonsuit.

*Walter Thos. Fahy* and *Thomas A. Fahy,* for appellant.

*Thomas Leaming,* with him *Owen J. Roberts,* for appellee.

PER CURIAM, March 22, 1909:

The judgment is affirmed on the opinion of the learned judge of the common pleas.