## Barlick v. Baltimore & Ohio Railroad Company, Appellant.

*Negligence—Railroads—Passengers—Acts of passengers.*

1. Carriers of passengers are liable only for negligence, and are not insurers of the safety of their passengers, as they are as carriers of goods. The burden is upon the passenger who seeks to recover from a carrier damages for personal injuries sustained while upon his journey to prove negligence or facts from which a presumption of negligence arises.

2. The act of a passenger in tossing through the open window of a car an empty bottle, the accidental breaking of such bottle against a car upon another track, and the unfortunate return of a fragment of glass

through another open window injuring another passenger, is in no way connected with the appliances or machinery used in the operation of the road, or the acts of the employees in the conduct of the train, or with the construction of the road, and, therefore, there is no presumption of negligence on the part of the railroad company. In such a case the burden is upon the injured passenger to prove by affirmative evidence that the defendant company or its employees had been guilty of negligence which was responsible for the injury.

3. The carrier is not liable for the negligent or unlawful act of a passenger, which may result in an injury to a fellow passenger, upon the principle of respondeat superior. The carrier is, however, liable for injuries to a passenger resulting from the negligent or unlawful acts of a fellow passenger if prior to the accident the conduct of the offending party has been such as to indicate a disposition to indulge in physically violent conduct and give rise to a reasonable apprehension of injury to other parties. This is not upon the ground that the company is liable to answer for the acts of all those whom it undertakes to carry, but it is because of the failure of the duty to afford reasonable and proper protection to other passengers.

4. The carrier is not bound to provide against contingencies which it had no reasonable grounds to apprehend, nor is it bound to protect its passengers from rudeness or bad manners on the part of strangers or other passengers, unless such conduct amounts to a breach of the peace; the officers of the law can take no cognizance of it, and carriers are not bound to prevent it or liable in damages for its appearance about their stations or trains.

5. In an action by a woman passenger against a railroad company to recover damages for personal injuries, it appeared that another passenger sitting in front of the plaintiff tossed through an open window an empty bottle, which broke against a car on another track, and the fragments of the glass returned through the open window at which the plaintiff was seated, injuring her in the face. The evidence of the plaintiff, corroborated by one other witness tended to show that the bottle was thrown by one of four young men who were seated together, that up to a time a few minutes before the accident they had done nothing to attract attention; that they then took out a beer bottle from a basket, began to drink beer and to swear among themselves, but there was no evidence that they were quarreling, or were angry, or that they were intoxicated. The bottle was thrown out of the window shortly after they began to drink the beer. It was also shown that the conductor had passed through the car before they began drinking. *Held*, that the evidence was not sufficient to sustain a verdict against the railroad company.

Argued April 20, 1909. Appeal, No. 79, April T., 1909, by

defendant, from judgment of C. P. Fayette Co., Dec. T., 1907, No. 135, on verdict for plaintiff in case of Millie Barlick v. Baltimore & Ohio Railroad Company, Operating the Pittsburg & Connellsville Railroad Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before VAN SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,000, upon which judgment was entered for $500, all above that amount having been remitted.

*Error assigned* was in refusing binding instructions for defendant.

*James R. Cray,* with him *D. W. McDonald* and *T. H. Hudson,* for appellant.—The evidence was insufficient to charge defendant with negligence: Ellinger v. R. R. Co., 153 Pa. 213; Fredericks v. R. R. Co., 157 Pa. 103; Pittsburg, etc., R. R. Co. v. Pillow, 76 Pa. 510; Graeff v. R. R. Co., 161 Pa. 230; Kennedy v. R. R. Co., 32 Pa. Superior Ct. 623; Thomas v. R. R. Co., 148 Pa. 180; Federal St. & Pleasant Valley Ry. Co. v. Gibson, 96 Pa. 83; Fleming v. Ry. Co., 158 Pa. 130; Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Boatwright v. Ry. Co., 4 Pa. Superior Ct. 279; Ginn v. R. R. Co., 220 Pa. 552.

*Sterling, Higbee & Matthews,* with them *S. R. Goldsmith,* for appellee.—The fact of a drunken and disorderly passenger on a train is an indication that other passengers may be injured, and it is the likelihood of injury to other passengers and not the manner of such injury, that the railroad company must apprehend and guard against: P. & C. R. R. Co. v. Pillow, 76 Pa. 510; Rommel v. Schambacher, 120 Pa. 579; Duggan v. R. R. Co., 159 Pa. 248; Kennedy v. R. R. Co., 32 Pa. Superior Ct. 623.

OPINION BY PORTER, J., October 11, 1909:

The plaintiff was a passenger on a Sunday excursion train of the defendant company, which, at seven o'clock in the morn-

ing of September 8, 1907, left Pittsburg, Pennsylvania, for Cumberland, Maryland. About twenty minutes after the train started, before it had reached Braddock, the first stop, which is ten or twelve miles from Pittsburg, a passenger sitting in front of the plaintiff tossed an empty beer bottle out of an open window, while the train was in motion, and the bottle striking a car upon another track was broken and a piece of the glass passing back into the car through an open window inflicted a painful but not serious cut upon the cheek of the plaintiff. The plaintiff brought this action to recover from the defendant carrier damages for the injury so sustained, recovered a judgment in the court below and the defendant appeals.

Carriers of passengers are liable only for negligence, and are not insurers of the safety of their passengers, as they are as carriers of goods. The burden is upon the passenger who seeks to recover from a carrier damages for personal injuries sustained while upon his journey to prove negligence or facts from which a presumption of negligence arises: Meier v. Pennsylvania Railroad Company, 64 Pa. 225; Fredericks v. Northern Central Railroad Co., 157 Pa. 103. The present case presents two questions: (1) did the plaintiff prove facts which gave rise to a presumption of negligence and thus place upon the defendant the burden of disproving negligence; and (2) was the evidence such as to warrant the submission of the question of the negligence of the defendant company to the jury. The first question involves a consideration of the rule of evidence in cases of this character, and the second that relating to the responsibility of the carrier.

There was no dispute as to the plaintiff having been injured nor as to the manner in which the injury occurred. The learned judge of the court below affirmed a point submitted by the plaintiff in these words: "When a passenger, carried on a train, is injured, without fault of his own there is a legal presumption of negligence by the carrier, and the onus to disprove it is on the carrier." The affirmance of this point is the foundation of the fifth specification of error. The eighth specification of error complains of the following language of the court, in the general charge: "And if in this case this plaintiff was injured in the

manner in which she says she was, and that fact is not denied, then there arises a presumption that the company at that time was negligent, and the burden is now on the company to prove to you that there was no negligence on its part or on the part of its employees, which caused or contributed to this accident." There can be no question that these rulings imposed upon the defendant company the burden of disproving negligence. Was this rule of evidence properly applied in the case of an injury arising from the cause disclosed by the testimony in this case? There is no such privity between the carrier and a passenger, even one who is disorderly, as to make the former liable for the acts or negligence of the latter on the principle of respondeat superior: Pittsburg, Fort Wayne & Chicago Railway Company v. Hinds, 53 Pa. 512; Boatwright v. Railway Company, 4 Pa. Superior Ct. 279. "Where a passenger is injured, either by anything done or omitted by the carrier or its employees, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence; but to throw this burden upon the carrier, it must first be shown that the injury complained of resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation:" Thomas v. Philadelphia & Reading Railway Company, 148 Pa. 180; Federal Street & Pleasant Valley Railway Company v. Gibson, 96 Pa. 83; Pennsylvania Railroad Company v. MacKinney, 124 Pa. 462; Fleming v. Railway Company, 158 Pa. 130; Ginn v. Pennsylvania Railroad Company, 220 Pa. 552; Ault v. Cowan, 20 Pa. Superior Ct. 616. It is clear that the act of the fellow passenger in tossing through the open window an empty bottle, the accidental breaking thereof outside the train and the unfortunate return of a fragment of glass through the open window, which injured the plaintiff, was in no way connected with the appliances or machinery used in the operation of the road, or the acts of the employees in the conduct of the train, or with the construction of the road, and, therefore, there is no presumption of negligence on the part of the appellant. The burden was upon the plaintiff to prove by affirmative evi-

dence that the defendant company, or its employees, had been guilty of negligence which was responsible for her injury. The fifth and eighth specifications of error are sustained.

The defendant requested the court to charge that under all the evidence in the case the verdict of the jury should be for the defendant, and the refusal of that point is the subject of the fourth specification of error. This specification raises the question of the sufficiency of the evidence to sustain a finding that the employees of the defendant had been guilty of negligence which was responsible for the injury for which this plaintiff seeks to recover. The act of the passenger who tossed the bottle out of the window may have been a negligent act, under the circumstances which accompanied it, and, if so, this plaintiff could recover from the party who did the act damages for her injuries, and it is most fortunate that, as disclosed by the evidence, she is aware of the identity of that person. The mere fact, however, that the injuries of the plaintiff resulted from a negligent or unlawful act of a fellow passenger is not of itself sufficient to render the carrier liable to answer in damages for such injury. Conductors on trains have authority to exercise reasonable control over the passengers and are responsible for the exercise of that authority. It is their duty to repress disorder upon the trains, and in case there is any reasonable ground to apprehend that other passengers may suffer physical injury from the violence of disorderly passengers it is their duty to use every means at their command to protect other passengers and restrain, and if necessary remove from the train the disorderly parties: Kennedy v. Pennsylvania Railroad Company, 32 Pa. Superior Ct. 623; Railway Co. v. Hinds, 53 Pa. 512. The carrier is not liable for the negligent or unlawful act of a passenger, which may result in an injury to a fellow passenger, upon the principle of respondeat superior. The carrier is, however, liable for injuries to a passenger resulting from the negligent or unlawful acts of a fellow passenger if prior to the accident the conduct of the offending party has been such as to indicate a disposition to indulge in physically violent conduct and give rise to a reasonable apprehension of injury to other parties. This is not upon the ground that the company is

liable to answer for the acts of all those whom it undertakes to carry, but it is because of the failure of the duty to afford reasonable and proper protection to other passengers. The carrier is not bound to provide against contingencies which it had no reasonable grounds to apprehend, nor is it bound to protect its passengers from rudeness or bad manners on the part of strangers or other passengers, unless such conduct amounts to a breach of the peace: Ellinger v. Philadelphia, Wilmington and Baltimore Railroad Co., 153 Pa. 213; Graeff v. Philadelphia & Reading Railroad Co., 161 Pa. 230. In the cases last cited it was said: "Unless such conduct amounts to a breach of the peace, the officers of the law can take no cognizance of it, and carriers are not bound to prevent it or liable in damages for its appearance about their stations or trains."

The evidence upon which the plaintiff sought to charge the defendant company with negligence consisted of her own testimony and that of one other witness, Mr. Hartman, and was very meager. The passenger who subsequently tossed the empty beer bottle out of the window was one of a party of four young men who sat in two seats which had been turned to face each other, directly in front of the seat in which plaintiff sat. The learned counsel representing the appellee has repeatedly in his paper-book referred to this party as "drunken passengers." We deem it proper here to observe that neither the plaintiff nor any other witness in the case undertook to say that any one of this party was drunk or under the influence of liquor. There was nothing about the party to attract attention or suggest that they were not proper persons to be aboard the train or that their presence involved any danger to other passengers at the time they boarded the train at Pittsburg or down until about the time this accident occurred. The train left Pittsburg at seven o'clock in the morning and so far as the evidence indicates, the members of this party of four passengers were then entirely sober. The plaintiff testified that shortly after the train left Pittsburg these four young men began to drink beer and she heard them swearing among themselves; but her testimony contains no intimation that there was anything to indicate that they were quarreling or that they were angry.

There was nothing about the young men to attract her attention, so far as indicated by the evidence until, according to her testimony, about five minutes after the train had left Pittsburg, when she says they began to drink beer out of pint bottles which they took out of a basket under the seat. She testified that the accident happened when the train was about Braddock, or about twenty minutes after the train left Pittsburg. In another part of her testimony she said: "Q. Just state to the court and jury how you were injured? A. Well, twenty minutes after I seated myself on the right side, I was reading a magazine, I noticed these four young men drinking and wondered why it was not stopped. There was no effort whatever made to stop them," and in reply to a further question described how at that time a bottle being thrown out of the window by one of the men a piece of the glass flew back and hit her on the cheek. The witness Hartman testified that there was nothing in the appearance of the young men to attract his attention until the train was in the neighborhood of Braddock: "They began to drink beer about twenty minutes or half an hour after the train started, we were along about Braddock." This witness testified that the young men did not swear or make any noise before they commenced to drink beer; that they had not drunk much beer before they began to swear, that the swearing occurred along about Braddock; and that nothing about the conduct of the men attracted his attention until they commenced to drink. This witness sat in the end of the seat next the aisle directly across from that in which the party in question were located, and his opportunities for observing the young men were certainly as good as could have been had. This witness testified that the conductor passed through the car before the young men commenced to drink beer. He testified explicitly that the accident occurred in the neighborhood of Braddock and, that, "When the accident occurred they had just commenced to drink." The sum of the testimony of this witness, who was the only witness called by the plaintiff to corroborate her own testimony, was, that the four young men were well behaved until they began to drink beer; that the conductor passed through the car before they began to drink beer; that they did

not begin to drink beer until the train was in the neighborhood of Braddock, about twenty minutes after leaving Pittsburg; that they did not swear until a little time after they began to drink beer; that the swearing was done among themselves; that the accident happened in the neighborhood of Braddock and that when it occurred they had just commenced to drink beer. There is not a scintilla of evidence in the case indicating that the young men had shown any disposition to quarrel among themselves or with other people, or that they had exhibited any inclination to indulge in any physical violence. They sat in their seats quietly until some time after the train started, and they then took some pint bottles out of a basket under the seat and began to drink beer, this and the fact that shortly afterwards they were guilty of the bad manners and bad taste of using in their conversation profane language which could be heard by passengers in the adjoining seats was the utmost that can be asserted to have been shown by the evidence to have occurred prior to the accident. The fact that this defendant is to be judged by what had occurre' prior to the accident must not be lost sight of. There was no evidence that the young men had thrown a bottle or anything else out of the window prior to the time the bottle in question was tossed out, while the train was in motion, unfortunately striking a car on the other track and resulting in the injury to the plaintiff. The evidence did not disclose anything which could give rise to a reasonable apprehension that a breach of the peace was likely to occur or that any one of the party of young men was likely to do anything which would result in an injury to another passenger. Had the young men been permitted, by the employees of the defendant company, to drink beer or other liquors in the car until they had become intoxicated an entirely different question would have been presented, which under the evidence in this case it is not necessary to consider. This accident happened about the time the drinking of beer was commenced. There was no evidence that any of the party had been angry or exhibited any disposition to quarrel prior to the accident, nor was there any evidence that, even after the accident, there was any quarrel or any indication of an inclination

to physical violence.  The testimony did not disclose any breach of the peace or any inclination to a breach of the peace, nor anything else which could afford a reasonable foundation for an apprehension of violence which might result in injury to other parties; there was, therefore, nothing from which a jury should have been permitted to find the defendant liable in damages for the injuries to plaintiff: Ellinger v. Philadelphia, Wilmington & Baltimore Railroad Co., 153 Pa. 213; Graeff v. Philadelphia & Reading Railroad Co., 161 Pa. 230.  Precaution is a duty only so far as there is reason for apprehension, and a jury cannot be permitted to hold parties to a higher standard of care than the law imposes nor to find anything negligence which is less than a failure to discharge a legal duty.  The law does not require anyone to presume that another will be negligent, much less to presume that another may be an active wrongdoer: Philadelphia & Reading Railroad Company v. Hummell, 44 Pa. 375.  The request of the defendant for binding instructions should have been affirmed.

The judgment is reversed.