## Hillebrecht *v.* Pittsburg Railways Company, Appellant.

*Street railways—Passengers—Attack on passenger by fellow passenger.*

1. A carrier is not liable for injuries to a passenger resulting from the negligent or unlawful acts of a fellow passenger, unless prior to the act which causes the injury the conduct of the offending party has been such as to give rise to a reasonable apprehension of injury to others.

2. A street railway company cannot be held in damages for injuries to a passenger struck by another passenger where it appears that but one blow was struck and this blow was struck suddenly and without warning by a passenger who up to that moment had been quiet and orderly and who had had no altercation with the person he struck.

Argued May 9, 1913.  Appeal, No. 190, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., Sept. T., 1910, No. 563, on verdict for plaintiff in case of Albert A. Hillebrecht v. Pittsburg Railways Company.  Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before Swearingen, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300.  Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Richard C. Long*, with him *Clarence Burleigh* and *William A. Challener*, for appellant.—There is no duty resting upon the conductor to take steps to protect a passenger until such circumstances arise and are brought to his notice, as would lead an ordinarily prudent person to believe there was danger to the passenger: Graeff v. R. R. Co., 161 Pa. 230; Ellinger v. R. R. Co., 153 Pa. 213; Brehony v. Pottsville Union Traction Co., 218 Pa. 123; Barlick v. Baltimore, etc., R. R. Co., 41 Pa. Superior Ct. 87.

*H. Fred Mercer*, for appellee.—Since the defendant company, through its conductor, knew of the danger the plaintiff was in and for twenty minutes knew that one of its passengers was drunk and was trying to assault the plaintiff, the defendant was under a duty

to either put that drunken passenger off or protect the plaintiff from the threatened assault: Pittsburg & Connellsville R. R. Co. v. Pillow, 76 Pa. 510; Mittleman v. Phila. Rapid Transit Co., 221 Pa. 485; Dougher v. W. B. & W. V. T. Co., 13 Luzerne Leg. Reg. 418.

The evidence of defendant's negligence was so conflicting and contradictory as to necessitate its submission to the jury: Duffy v. York Haven Water & Power Co., 233 Pa. 107; Cronmuller v. Evening Telegraph, 232 Pa. 14; Hardoncourt v. Iron Co., 225 Pa. 379; Tilburg v. Ry. Co., 221 Pa. 245; Rauch v. Smedley, 208 Pa. 175.

OPINION BY PORTER, J., October 13, 1913:

The plaintiff was one of a party of about twenty-five persons who boarded one of the large interurban cars of the defendant company at Grove Station, between nine and ten o'clock on the night of July 5, 1910, for the purpose of returning to the city of Pittsburg. The members of the party had been holding a picnic in the country, on the Sunday afternoon in question, and had been drinking some beer, but the plaintiff testified that neither he nor any other member of the party was intoxicated. Ernest Becker and his father Charles Becker were members of the party in whose company the plaintiff entered the car and became a passenger. The plaintiff and his party were orderly and peaceable until after the conductor had passed through the car and collected the fares of the plaintiff and the other members of the party and returned to his position on the rear platform. The plaintiff was sitting with a friend in one of the seats near the front of the car and Ernest Becker was seated with another man in a seat across the aisle from them. After the party had been in the car about five minutes, according to the testimony of the plaintiff, Ernest Becker began an altercation with the plaintiff and, without any provocation applied to the plaintiff vile epithets and used threatening language. According to the testimony of some of the witnesses

Ernest Becker indicated a desire to assault the plaintiff, but was prevented from doing so by mutual friends of the parties. The estimates of the plaintiff and his witnesses as to the time during which this loud and abusive language of Becker continued varied at from five to fifteen minutes. The conductor came into the car, asked what was the matter and told the parties to keep quiet. Ernest Becker was then under the control of the mutual friends of the parties and sitting in his seat. The recollection of the witnesses varied as to the exact position of the conductor at the time the plaintiff received his injury, but the fair substance of the testimony may be assumed to be correctly stated by counsel for plaintiff in his counter statement of the facts, to wit: "At the time the blow was struck and for several minutes prior thereto, the conductor was standing near the plaintiff." The plaintiff was not struck by Ernest Becker, the party with whom he had had the altercation. Charles Becker, the father of Ernest, was sitting quietly in the seat immediately back of that occupied by Ernest and another member of the party, and had in his hand a folded music rack. Charles Becker had taken no part in the altercation, and so far as indicated by the evidence in the case had been perfectly quiet and peaceable and apparently sober, yet he suddenly, without any warning, reached past those standing between them and struck the plaintiff with the folded music stand. The plaintiff and all his witnesses testified that there had been prior to that time nothing to warn any person that Charles Becker might resort to violence. No witness for the plaintiff testified that Charles Becker had uttered a single word, or that he was intoxicated, or that he had given any indication of a disposition to violence. The testimony of witnesses for the defendant was to the same effect, the only evidence as to any utterance by him was, that he had said to the younger men, "Shake hands." The plaintiff brought this action to recover of the defendant company damages

for the injury inflicted, in this manner, by Charles Becker, a fellow passenger. He recovered a verdict and judgment in the court below and the defendant appeals.

The first allegation of negligence upon the part of the defendant company contained in plaintiff's statement, that the defendant was negligent "In permitting drunken and disorderly men to board said car," was not sustained by the evidence. There was no evidence that at the time the plaintiff, Charles Becker, and the other members of their party entered the car there was anything in the appearance or conduct of any of the party to attract attention or excite suspicion that to admit them would occasion danger or even inconvenience to other passengers, or to each other. Whether the conductor was negligent in admitting them to the car must be determined under the evidence as to their condition, appearance and conduct at the time they tendered themselves as passengers: Brehony v. Union Traction Co., 218 Pa. 123. The evidence, at the trial, disclosed that this plaintiff and probably all the other members of the party had been drinking some beer, but there was no evidence as to their conduct and appearance at the time they entered the car from which a jury should have been permitted to find that the employees of the defendant company were negligent in receiving them as passengers. The entire party had been orderly for a short time after the car had started upon its journey to the city. The only person who, under the evidence produced by the plaintiff, had prior to the moment when plaintiff was injured exhibited any disposition to violence or created any disorder was Ernest Becker. There had been no fight and no person had made any attempt to strike a blow. Ernest Becker was under the control of those who were his friends as well as the friends of the plaintiff, and the conductor was standing in the aisle between him and the plaintiff. The plaintiff was thus protected from any danger from the only source which seemed to threaten danger, and

the plaintiff was not injured by Ernest Becker. Even if it be conceded that the conduct of Ernest Becker was such that he ought to have been expelled from the car, that fact did not impose upon the defendant company the duty to expel from the car other passengers, who had created no disorder and given no evidence of a disposition to make trouble. There was in this case no evidence from which a jury should have been permitted to find that the conductor of the car knew that Ernest Becker and Charles Becker were relatives, or that either of them would be likely to interfere in a controversy to which the other was a party. A carrier is not liable for injuries to a passenger resulting from the negligent or unlawful acts of a fellow passenger unless prior to the act which causes the injury the conduct of the offending party has been such as to give rise to a reasonable apprehension of injury to other parties: Barlick v. Baltimore & Ohio R. R. Co., 41 Pa. Superior Ct. 87. There was in the present case but one blow struck and that blow was struck suddenly and without warning, by a passenger who up to that moment had been quiet and orderly. The thing was so quickly done that neither the conductor nor the friends of the plaintiff who were standing in the aisle of the car could have prevented it. The conduct of those in charge of the car must be judged in the light of the facts established by the evidence. The evidence failed to establish facts from which a jury should have been permitted to find that the employees of the defendant company were guilty of negligence and the point submitted by the defendant company, requesting a binding instruction, should have been affirmed.

The judgment is reversed.