# Wood et al. *v.* Phila. Rapid Transit Co., Appellant.

*Negligence—Street railway companies—Passengers—Rudeness—Injury to passenger by fellow passenger—Presumptions—Res ipsa loquitur—Workmen carrying tools—Negligence of carrier.*

1. In the absence of a fixed duty, negligence cannot be inferred from the failure to do an act in some other way, not shown to be safer.

2. Where the facts are simple and not controverted, their legal value is for the court to determine.

3. Although a carrier, having impliedly invited a passenger to enter its car, is required to exercise the highest degree of care and diligence in protecting him while in the act of ascending the steps and going into the body of the car, yet where the passenger is not hurt by any instrumentality connected with the means of transportation, the accident creates no presumption against the carrier; and in an action for injuries inflicted upon a passenger by a fellow passenger, the burden to prove negligence by the defendant rests upon the plaintiff.

4. Street cars are for the use of the people, with as well as without their luggage, and negligence can not be inferred because a workman is permitted to enter thereon carrying the tools and implements of his trade. And the right so to enter implies the right so to depart.

5. A carrier is required only to interfere with the voluntary acts of passengers when they constitute a breach of peace or are such as to suggest a reasonable probability that injury will thereby result to others; and a carrier is not liable for injuries sustained by one passenger from the rudeness, crowding, or jostling of another, or for injury from the negligent or wilful act of another, unless given an opportunity to prevent it.

6. Where in an action to recover damages for personal injuries sustained by a passenger on a trolley car while entering the car, it appeared that plaintiff was not injured by any of the means of transportation, but was struck by an iron pipe which a workman who was leaving the car was carrying, and where it further appeared that the safety of the passengers would not have been promoted by requiring the workman to remain on the platform until all of the incoming passengers had entered, or to leave by another door, the case should have been withdrawn from the jury; and the jury having found a verdict for plaintiff, on appeal the judgment was reversed, and judgment for defendant n. o. v. was entered.

7. There may be some piece of machinery or instrument so dangerous that to suffer a passenger to take it with him on a street car would be evidence of the company's negligence, but that is not this case.

Argued Jan. 22, 1918.   Appeals, Nos. 324 and 325, Jan. T., 1917, by defendant, from judgments of C. P. No. 1, Philadelphia Co., March T., 1915, No. 2395, in case of John L. Wood, in his own right, and John L. Wood, as Executor of the Estate of Ellie E. Wood, deceased, v. Philadelphia Rapid Transit Company.   Be-

fore POTTER, STEWART, MOSCHZISKER, FRAZER and WAL-
LING, JJ.   Reversed.

Trespass to recover damages for personal injury.   Be-
fore PATTERSON, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, John L. Wood, in his own right,
for $10,000; and for John L. Wood, executor, for $8,000.
The court reduced the verdict for John L. Wood, in his
own right, to $7,500; and the verdict for John L. Wood,
executor, to $5,500; and entered judgment on the ver-
dicts as reduced.   Defendant appealed.

*Errors assigned* were in refusing to enter judgment
for defendant n. o. v., in refusing a new trial, rulings on
evidence, and instructions to the jury.

*David J. Smyth,* for appellant.—The refusal of the
court to enter judgment for defendant n. o. v. was error,
there being no evidence of negligence on the part of the
conductor of the car: Meier v. Penna. R. R. Co., 64 Pa.
225;  Niebalski v. Penna. R. R. Co., 249 Pa. 530;  Mack
v. Pittsburgh Rys. Co., 247 Pa. 598;  Fern v. Penna. R.
R. Co., 250 Pa. 487;  Dunne v. Penna. R. R. Co., 249 Pa.
76;  Ginn v. R. R. Co., 220 Pa. 552;  Bradley v. Lake
Shore & M. S. Ry. Co., 238 Pa. 315;  Fox v. Philadel-
phia, 208 Pa. 127;  Paynter v. Atlantic City R. R. Co., 62
Pa. Superior Ct. 455;  Keator v. The Scranton Traction
Co., 191 Pa. 102;  Kantner v. Philadelphia & Reading
Ry. Co., 236 Pa. 283;  Green v. B. & O. R. R. Co., 214 Pa.
240;  Barlick v. B. & O. R. R. Co., 41 Pa. Superior Ct. 87;
Hillebrecht v. Pittsburgh Railways Co., 55 Pa. Superior
Ct. 204;  Widener v. Philadelphia R. T. Co., 224 Pa. 171.

*William T. Connor,* with him *Hugh Roberts,* for ap-
pellee.—The evidence of defendant's negligence was am-
ple and convincing:  The Pittsburgh, Fort Wayne & C.
Ry. Co. v. Hinds, 53 Pa. 512;  Pittsburgh & C. R. R. Co.

v. Pillow, 76 Pa. 510; Rommel v. Schambacher, 120 Pa. 579; Mulhause v. Monongahela Street Ry. Co., 201 Pa. 237; Mittleman v. Philadelphia Rapid Transit Co., 221 Pa. 485; Burns v. Penna. R. R. Co., 233 Pa. 304; Mack v. Pittsburgh Rys. Co., 247 Pa. 598; Fern v. Penna. R. R. Co., 250 Pa. 487.

OPINION BY MR. JUSTICE WALLING, March 11, 1918:

This is an action against a street railway company for personal injuries to one passenger by the act of another. On the afternoon of February 5, 1915, Mrs. Ellie E. Wood boarded one of the defendant's northbound cars in Fifty-second' street, Philadelphia, at the Market street intersection. It is a transfer point and, as was customary at that hour, a group of some twenty-five people were waiting, and they took passage on the car with Mrs. Wood; while others, including a man who carried an iron pipe on his left shoulder and a canvas bag in his right hand, left the car at the same place. As he alighted from the rear platform, where Mrs. Wood and other passengers were entering, the pipe came in contact with her head inflicting a scalp wound; on account of which Mr. and Mrs. Wood brought this suit. Thereafter she died and he prosecuted the case in his own right and as her executor.

There was a sliding door on the side of the car at each end; over that in the rear was the word "entrance" or "entrance only" and over that in front was the word "exit"; but so far as appears passengers left the car at either end. The conductor was stationed near the back platform, where he could collect the fares and look after the rear door. It was an old-fashioned car with seats along the sides, and was carrying seven or eight passengers as it came to Market street. The man was riding on or near the back platform and there was nothing unusual in his appearance or conduct. The pipe was some five feet long and two and one-fourth inches in diameter, and as carried projected about two feet in front of the

man.   The conductor knew that people were there waiting to board the car as the man started to alight.   The trial judge charged the jury in effect that as defendant knew the man had the pipe it was its duty to see that he so carried it as not to harm a fellow passenger.   The verdicts were for plaintiffs and the court entered judgments thereon; from which defendant appealed.   In our opinion the judgments cannot be sustained.

Mrs. Wood was a passenger and entitled to protection as such.   "The carrier having impliedly invited the plaintiff to enter the car, was required to exercise the highest degree of care and diligence in protecting her while she was in the act of ascending the steps and going into the body of the car": Bickley v. Philadelphia & R. Ry. Co., 257 Pa. 369, 376.   However, Mrs. Wood was not hurt by any instrumentality connected with the means of transportation; hence, the accident created no presumption against the carrier, and the burden of proof rested upon the plaintiffs: Penna. R. R. Co. v. MacKinney, 124 Pa. 462; Thomas v. Philadelphia & R. Ry. Co., 148 Pa. 180.   Street cars are for the use of the people, with as well as without their luggage, and negligence cannot be inferred because a workman is permitted to enter thereon carrying the tools and implements of his trade.   And the right so to enter implies the right so to depart. There might be some piece of machinery or instrument so dangerous that to suffer a passenger to take it with him on a street car would be evidence of the company's negligence, but that cannot be affirmed of the pipe or bar here in question.   There is no suggestion that the man indicated any want of care in the manner of taking his luggage onto the car or of placing it while there.   Nothing is alleged against him until he shouldered the pipe to leave the platform.   No complaint is made down to that point, but it is urged that right there the conductor should have required the man to do something different. Counsel suggest that he should have ordered him to go through the car and out at the front door.   If so, he would

have been on a level with passengers going out in front
of him and of others rushing in behind him—a more
dangerous situation, as injury might be caused by either
end of the pipe.    It is also urged that the conductor
should have required him to remain standing on the back
platform until all the incoming passengers had entered.
The passage there is narrow and to require a man to
stand in it encumbered with such an iron pipe and bag,
while twenty-five passengers rush by, would increase the
danger.    Had he carried the pipe in his hand or under
his arm, it would have occupied equal space and been
more likely to come in contact with incoming passengers.
Our conclusion is that there was no safer method for the
man to leave the car than the one he pursued, and that
the conductor was not at fault in failing to interfere.
There is no evidence that the safety of the passengers
would have been promoted had the conductor pursued
any one of the courses suggested, or that the hazard was
increased by his failure to do so, and nothing that justi-
fies a conclusion to that effect.    In the absence of a fixed
duty, negligence cannot be inferred from the failure to
do an act in some other way, not shown to be safer.    The
facts being simple and not controverted their legal value
is for the court to determine: Davidson v. Lake Shore
& Mich. Southern Ry. Co., 171 Pa. 522; Wolf v. Phila-
delphia Rapid Transit Co., 252 Pa. 448.    A carrier is
required only to interfere with the voluntary acts of
passengers when they constitute a breach of the peace or
are such as to suggest a reasonable probability that in-
jury will thereby result to others.    When the car stopped
it required only two or three steps to place the man on
the pavement and out of the way.    As he was going for-
ward he practically had only to guard the front end of
the pipe and that was before his face and held by his
hand.    The presumption was that he would use due care
and we see no reason why the conductor should have an-
ticipated danger.    The conditions were not essentially
different from those constantly arising.    It is well settled

that a carrier is not liable for injuries sustained by one passenger from the rudeness, crowding or jostling of another: Ellinger v. P., W. & B. R. R., 153 Pa. 213; Graeff v. Philadelphia & R. Ry. Co., 161 Pa. 230; nor for injury from the negligent or wilful act of another, unless given an opportunity to prevent it. See Widener v. P. R. T. Co., 224 Pa. 171; Kantner v. Philadelphia & R. Ry. Co., 236 Pa. 283; Hillebrecht v. Pittsburgh Rys. Co., 55 Pa. Superior Ct. 204; 10 Corpus Juris 901. To hold otherwise would render a common carrier an insurer of the safety of its passengers, which it is not. This unfortunate accident resulted from the modern method of travel on electric street railways and was a risk assumed by the traveler as incident thereto.

Knowingly to suffer the luggage of a passenger to remain so placed in a car as to endanger other passengers is evidence of the carrier's negligence: Burns v. Penna. R. R. Co., 233 Pa. 304; Diffenderfer v. Penna. R. R. Co., 67 Pa. Superior Ct. 187. And the same rule applies where passengers or trespassers are permitted to engage in a fight upon a car to the terror or danger of other passengers: P., F. W. & C. Ry. Co. v. Hinds, 53 Pa. 512; Pittsburgh & Connellsville Ry. Co. v. Pillow, 76 Pa. 510. But those cases are different from this.

At popular resorts and other like places where hundreds collect at one time to board the cars, it is sometimes necessary to employ assistants to keep back the people and prevent accidents from crowding: Coyle v. Philadelphia & R. Ry. Co., 256 Pa. 496; Kennedy v. Penna. R. R. Co., 32 Pa. Superior Ct. 623. But a transfer point where twenty or thirty people gather to take passage on a street car is not such a place; and none of the cases above cited apply to the facts here presented. The diligence of counsel, supplemented by our own research, has failed to find an analogous case where a recovery has been sustained. Defendant's request for binding instructions should have been granted, as the evidence failed to disclose negligence on its behalf. That

not having been done, the court should have granted the motion for judgment non obstante veredicto. This being decisive of the case, it is unnecessary to consider the other questions presented in the record.

The first and seventh assignments of error are sustained and thereupon the judgment is reversed and is here entered for the defendant.