# Moore *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Attempt to eject a drunken passenger—Injury to another passenger.*

In an action to recover damages for personal injuries, judgment for the plaintiff will be reversed, where it appeared that the conductor of the defendant street car, upon which plaintiff was a passenger, attempted to eject an intoxicated and unruly passenger, and in the scuffle the conductor and the drunken man, collided with the plaintiff, causing her injury.

A carrier is not an insurer of the safety of its passengers and is not liable for injuries resulting to one passenger from the rudeness, crowding and jostling of another passenger.

Argued October 12, 1925.  Appeal No. 55, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, January T., 1924, No. 1144, in the case of Hannah Jane Moore v. Philadelphia Rapid Transit Company.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Reversed.

Trespass to recover for personal injuries.  Before RENSHAW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $700 and judgment thereon.  Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment n. o. v.

*Charles J. Biddle,* for appellant.—There was no evidence of negligence on the part of the defendant: Brehony v. Pottsville Union Traction Company, 218 Pa. 123; Hillebrecht v. Pittsburgh Railways Company, 55 Pa. Superior Ct. 204; Boatwright v. Chester and Media Electric Railway, 4 Pa. Superior Ct. 279.

*James Mortimer West,* for appellee.—The facts show negligence: Pittsburgh, Fort Wayne & Chicago Ry. Co. v. Hinds, 53 Pa. 512; Pittsburgh & Connellsville R. Co. v. Pillow, 76 Pa. 510; McMullin v. Phila. R. T. Co., 273 Pa. 159.

OPINION BY TREXLER, J.; February 26, 1926:

The plaintiff was a passenger upon one of the cars of the defendant company. She was seated at the end of the car and a drunken person, with the assistance of the conductor boarded the car and was placed in the seat opposite her. The conductor asked the man several times for his fare, but the man pretended he was asleep. The conductor then shook him by the arm and the man got up and struck at the conductor. The plaintiff, apprehensive of danger arose from her seat and started toward the other end of the car. At the call of the conductor the motorman started back for the purpose of assisting his fellow servant, and as he passed the plaintiff brushed against her and caused her to totter, whereupon she was struck by some one and fell upon the floor. The blow was delivered on her from the back and evidently was the result of the scuffle which ensued between the drunken man and the motorman or conductor. The plaintiff in her declaration alleges that the negligence of the defendant was due to the defendants' servants failing to protect her, and that in consequence the plaintiff was knocked down and fallen upon.

The trial judge charged the jury: "I say to you as a matter of law that if that man got on the car without

the conductor knowing that he was drunk, that then in that case your verdict should be for the defendant.'' Both parties agree that under the testimony submitted and the pleadings, this was not the test of negligence. We will therefore omit the discussion of the subject as to whether or not the defendant company was negligent in admitting the drunken man on the car.

Was the defendant negligent in failing to protect the plaintiff from injury? It is very evident that when the drunken passenger became obstreperous, it was the duty of the conductor and motorman to eject him. The carrier, having impliedly invited the plaintiff to enter the car was to exercise the highest degree of care and diligence in the circumstances in protecting her. The plaintiff, however, was not hurt through any negligence on the part of the company in not providing means of proper and safe transportation. The company is not an insurer of the safety of its passengers and is not liable for injuries resulting to one passenger from the rudeness, crowding and jostling of another passenger. Wood v. P. R. T. Co., 260 Pa. 481. Hillebrecht v. Pittsburgh Rwys. Co., 55 Pa. Superior Court 204. When the conductor called the motorman it was his duty to respond with alacrity. His brushing past the plaintiff, causing her to lose her balance, did not cause the injury complained of, for she says she was struck from behind and knocked down. The evidence therefore is clear, though not stated very fully,—that in the attempt upon the part of the conductor to eject the passenger, the conductor and the drunken man collided with the woman, falling upon her and causing her injury. This does not prove negligence. The conductor in ejecting the man from the car was doing just what he should have done under the circumstances. Brehony v. Pottsville Union Traction Co., 218 Pa. 123. He was struggling with a desperate man, who, according to the testimony of one of the witnesses, had been very unruly. The latter is the one

who, by his misbehavior, caused the injury. In what regard the defendants' servants failed in their duty to protect the plaintiff we fail to see. The circumstances required quick action. The plaintiff's attempt to get out of the way of the fight, instead of saving her, caused her to meet with the accident. She is not to be blamed in not remaining in her seat, when peril suddenly confronted her. On the other hand, the conductor is not to be blamed in attempting to eject the drunken man in the most expeditious way that was afforded. We are of the opinion that the court should have given binding instructions.

The assignments of error are sustained and judgment is now entered for the defendant.