Sang v. Pittsburgh, Harmony, Butler and New Castle Railway Company, Appellant.

*Negligence—Street railways companies—Approaching car—Passenger boarding car—Contributory negligence.*

In an action of trespass for damages for personal injuries a judgment for the plaintiff will be set aside where it appeared that the defendant's car approached the place where the accident occurred at a moderate speed in broad daylight, and that the plaintiff's injuries were caused by the crowd pushing her against the trolley car, and her own attempts to board it while it was in motion.

The failure of the defendant to ring a bell or blow a whistle, when the plaintiff could readily see the approaching car, did not cause or contribute to the accident.

Argued May 2, 1922. Appeal, by defendant, from judgment of C. P. Allegheny County, April T., 1918, No. 1131, on verdict for plaintiff in the case of Kate Sang v. Pittsburgh, Harmony, Butler and New Castle Railway Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

524, (1923).] Statement of Facts—Opinion of the Court.

Trespass to recover damages for personal injuries. Befor CARNAHAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,125 and judgment thereon. Defendant appealed.

*Error assigned*, among others, was refusal of defendant's motion for judgment non obstante veredicto.

*William A. Challener*, for appellant.

*Ralph P. Tannehill*, and with him *R. P. & Meredith R. Marshall*, for appellee.

OPINION BY KELLER, J., April 16, 1923:

The defendant's point for binding instructions should have been affirmed. The evidence totally failed to convict the defendant of the negligence averred in the statement.

The statement alleged that while the plaintiff, with a number of other prospective passengers, was standing a short distance south of the platform at the station or stop of the defendant company north of Evergreen Avenue, an inbound car approached at a very high rate of speed and ran past said platform or station and struck several of the persons waiting there, whereby the plaintiff was caused to be caught by the side of the car, or the speed of the car and the suction thereof caused her skirt to be caught, and she was thrown or dragged a great distance.

The specific acts of negligence charged against the defendant in the statement were: (1) Operating the car at a high, dangerous and unsafe rate of speed; (2) failing to ring a gong or blow a whistle; (3) failing to operate said car in a careful and proper manner when the motorman saw a large crowd waiting, some of whom were likely to be crowded too close to the track; (4)

striking other persons on said platform thereby causing plaintiff to be crowded or pushed into such a position as to cause her injury; (5) operating said car in such a manner as to cause plaintiff's skirt to be drawn to and against the car; (6) the failure of the conductor to keep a lookout and see that the car would clear said crowd.

The proof in the case—(the defendant offered no evidence)—was that there was no station at the point where the accident occurred. It was near the junction of the defendant's tracks with those of the Pittsburgh Railways Company, and there was an elevated milk shed near, the floor of which could be reached by a short ladder, but no passenger station. Nor was there any platform; the ground adjacent—both north and south of the milk shed, —had been filled in with cinder, over which people walked, but there was no platform constructed or designed for receiving and discharging passengers. The car did not approach at a high rate of speed. Ten miles per hour was the only rate testified to; and the car came to a standstill when its rear was only six feet south of the milk shed, so it could not have been traveling very fast. One witness testified that no bell was rung or whistle blown, but the car was in plain view for half a mile and the plaintiff admitted that she saw it approaching. In the circumstances it was immaterial whether notice of its coming was given or not: Tyrrell v. Phila. R. T. Co., 79 Pa. Superior Ct. 346. The plaintiff was fully aware of the car's approach and ringing a bell would not have made her more cognizant of the fact. The lack of it did not cause or contribute to the accident. There was no evidence that would justify a finding that the motorman did not operate the car in a careful and proper manner or that the conductor was not watchful and vigilant. No one was on the track or so close to the track as to be hit by the car, and there was no testimony that any one was struck by the passing car. No one testified that the plaintiff's skirt was caught by the suction or speed of the car, so as to draw her down or

drag her.  On the contrary the evidence was that as the car came along, the crowd being larger than could get on it, the people back of the plaintiff,—and, according to plaintiff's niece, she and her party also,—tried to get on before the car stopped, resulting in the plaintiff's fall and dragging and consequent injury; but for this the defendant was not responsible.  This was no park or amusement grounds to which the defendant had brought a large crowd and was bound to provide for their home-going and see that no harm came to them from over-crowding or from passing trains, as in Mulhause v. Street Railways Co., 201 Pa. 237, and Coyle v. P. & R. R. Co., 256 Pa. 496.  It was an ordinary stopping place.  Many of these people had come to this point on a different rail-way and were desirous of taking this car because it left before the other line.  The crowd was not unruly or bois-terous, but when they saw a car, already well filled, ap-proaching and knew that it could not accommodate all who were waiting to board it, some of the people,—and the plaintiff, apparently, among them,—did not wait for it to come to a stop, but attempted to get on while it was still moving, and this accident resulted.  It was not such an occurrence as the defendant could reasonably foresee and be expected to guard against: McGilvray v. Boston Elevated Ry. Co., 229 Mass. 65, 118 N. E. 166.  The plaintiff's injury was not the result of any negligence of the defendant but was caused by the undue haste of those seeking to board the car, the plaintiff herself being one of them.

The first assignment of error is sustained.  The judg-ment is reversed and is now entered in favor of the de-fendant.