# Spagnol, Appellant, *v.* Pennsylvania R. R. Co.

*Railroads—Negligence—Passengers—Injury by act of another person—Platforms—Getting on train—Proximate cause.*

1. Where a railroad company provides a safe and convenient platform at its station for ingress and egress to and from trains, it is not bound to anticipate that a crowd will, in disregard of the rights of others, surge towards the entrances to the cars, and injure persons about to board the train.

2. A railroad company is not liable for injuries to a woman intending to board a train, where it appears that the proximate cause

of the injury was the act of a boy, who, in running with others to board a moving train, struck the woman with his body, throwing her underneath the cars.

3. In such case it is. immaterial that neither conductor nor brakeman were on the platform of the car, and that the vestibule doors of the car were open at the time, inasmuch as such conditions did not contribute to the accident.

4. There is a distinction as to a carrier's duty in handling a crowd at an ordinary station, and that where people gather in crowds at resorts and popular places of amusement, where no adequate station facilities are offered. At the latter places the company must employ assistance to keep the crowd away from the trains as much as possible.

Argued October 17, 1923. Appeal, No. 163, Oct T., 1923, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1921, No. 2107, for defendant n. o. v., in case of Mary Spagnol v. Pennsylvania Railroad Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff. Judgment n. o. v. for defendant.

*Error assigned* was judgment n. o. v., quoting record.

*Rody P. Marshall*, with him *Meredith R. Marshall*, for appellant.—This case is ruled by Coyle v. R. R., 256 Pa. 496; Muhlhause v. Ry., 201 Pa. 237; Powell v. R. R., 220 Pa. 638; Hall v. R. R., 36 Pa. Superior Ct. 556; Kennedy v. R. R., 32 Pa. Superior Ct. 623; Windle v. Davis, 275 Pa. 23; Struble v. Penna. Co., 226 Pa. 118; Betts v. R. R., 191 Pa. 575; Keifner v. Ry., 223 Pa. 50; Stankowcz v. R. R., 62 Pa. Superior Ct. 125; Begley v. R. R., 201 Pa. 84.

*Robert D. Dalzell*, of *Dalzell, Fisher & Dalzell*, for appellee, cited: Ellinger v. R. R., 153 Pa. 213; Graeff v. R. R., 161 Pa. 230; Sang v. Ry., 80 Pa. Superior Ct. 524.

OPINION BY MR. JUSTICE KEPHART, January 7, 1924:

Plaintiff was an intending passenger on one of defendant's trains at Export, a small station on a one-track branch line of defendant's railroad. The station at which she had planned to board the train consisted of a building with freight and passenger accommodations, and a platform of wood and cinder 480 feet long and 18 feet wide, the western end of which extended to the state highway. When appellant reached the platform she waited the arrival of the train, taking a position about four and one-half feet from the western end of the platform and eight or nine feet from the track. There were from seventy-five to one hundred and fifty persons scattered along the platform waiting for the train; this was not an unusual number. They had a clear view along the track for a thousand feet, and could easily see the train as it approached. As it came nearer the people crowded toward the track to be near the entrances to the cars. The train approached at a high rate of speed, slowing down almost to a stop as it pulled into the station, then started with a jerk and came to a dead stop at a point beyond the usual place. Some of the vestibule doors were open and no brakeman was on the platform between the baggage car and the passenger car in front of it. As the train slowed down the people rushed for the entrances. Some boys jumped on the moving train and one of them struck or pushed plaintiff, knocking her down and causing her foot to fall underneath one of the wheels, where part of it was dismembered.

In instituting this action appellant charged failure to provide a proper and safe platform for the accommodation of passengers, in allowing the doors of the coaches to be opened before the train came to a standstill, failure of the brakeman and conductor to be on the platform when the train arrived at the station, and in failing to protect appellant from the acts of intending passengers as they were about to board the train.

The first cause of complaint was not sustained as there was no evidence the platform was not reasonably safe and adequate, and that at such a station a platform 480 feet in length would not be ample for all apparent needs. The evidence did not show that the boy, who jumped on the train and part of whose body struck appellant, got on one of the cars where the vestibule door was open, and where no conductor or brakeman was standing. This latter would be immaterial, as neither the presence of the conductor or brakeman on the platform, nor the fact the doors were or were not open would have prevented the injury of which appellant complains. The proximate cause was the act of the boy in negligently boarding the train, and, when doing so, striking plaintiff with his body, throwing her underneath the cars.

It is a common occurrence, at railroad stations and places where street cars stop, that people assembled in large numbers will rush to the entrances so as to secure seats, regardless of the consequences. The company discharges its duty to intending passengers when it furnishes safe and convenient approaches to its trains. It cannot wantonly injure them, but it is not liable for the acts of others to persons intending to board the train. If, instead of being thrown under the car and having her foot crushed, plaintiff had been thrown to the ground and had her leg broken or her arm sprained or otherwise injured by the crowding and jostling, she would have as much right to recover damages from the company as in the instant claim. In providing a safe and convenient means of ingress and egress to and from trains, the company is not bound to anticipate the crowd will, in disregard of the rights of others, surge toward the entrances, injuring persons about to board the cars: MacGiloray v. Boston Elevated Ry. Co., 229 Mass. 65, 118 N. E. 166. A common carrier is not bound to protect its passengers from the rudeness of others (Ellinger v. P., W. & B. R. R., 153 Pa. 213), as, for instance, a woman

jostled off a car by another passenger rudely pushing by to an adjoining car; nor is it liable for an injury caused by one passenger rudely swinging a door in another passenger's face (Graeff v. P. & R. R. R., 161 Pa. 230); nor where a crowd pushes an intending passenger against a trolley car (Sang v. P., H., B. & N. C. Ry. Co., 80 Pa. Superior Ct. 524); nor for the negligent or wilful act of another, unless given an opportunity to prevent it: Widener v. P. R. T. Co., 224 Pa. 171; Kantner v. P. & R. Ry. Co., 236 Pa. 283; Wood v. P. R. T. Co., 260 Pa. 481.

There is a distinction as to a carrier's duty in handling a crowd at a station like this and that where they gather at resorts and popular places of amusement where no adequate station facilities are offered: Coyle v. P. & R. Ry. Co., 256 Pa. 496. At the latter places the company must employ assistance to keep the crowd away from the trains as much as possible. But even then it would be unreasonable to require them to maintain a force of men large enough to suppress a riotous demonstration: Kennedy v. P. R. R. Co., 32 Pa. Superior Ct. 623, 626.

The proximate cause of the injury was the conduct of this boy, for whose acts the company was not responsible. The court below did not err in directing judgment n. o. v.

The judgment of the court below is affirmed.