## Snow et ux. Appellants, *v.* Philadelphia Rapid Transit Company.

*Negligence—Personal injuries—Common carrier—Principal and agent.*

In an action against a street railway company, to recover damages for injuries sustained by a passenger from the explosion of a bottle of coffee, placed by an employee of the company with the knowledge of the conductor who was in charge of the car under the seat occupied by the passenger, a verdict for the plaintiff will be sustained.

Under such circumstances, a defense that the employee's act was done beyond the scope of his agency and authority on defendant's business is of no avail to defendant.

The contract of transportation required the carrier, although not an insurer, to exercise the highest degree of care and diligence in protecting the passenger. Evidence of failure so to do makes the case a proper one for a jury.

Argued October 21, 1924. Appeals, Nos. 130 and 131, Oct. T., 1924, by plaintiffs, from judgment in favor of defendant non obstante veredicto of C. P. No. 2, Phila. Co., March T., 1921, No. 1056, in the case of Lewis R. Snow and Ida D. Snow, his wife, v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdicts for plaintiffs in the following amounts: For Lewis R. Snow, $200; for Ida D. Snow, $300. The court entered judgment in favor of defendant non obstante veredicto. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*Eugene Raymond,* and with him *John Martin Doyle,* for appellants.—There is no doubt about the general duty of a common carrier to exercise the highest degree of affirmative care; and to protect its passengers: Bickley v. Ry. Co., 257 Pa. 369; Palmer v. Ry. Co., 206 Pa. 574; Kennedy v. R. R. Co., 32 Pa. Superior Ct. 623; Pittsburgh, etc. R. R. Co. v. Pillow, 76 Pa. 510; Burns v. R. R. Co., 233 Pa. 304.

*Marshall A. Coyne,* for appellee.

Opinion by Linn, J., December 12, 1924:

Mrs. Snow, a passenger occupying a seat in defendant's street car on a winter night, was injured by the explosion of a bottle of coffee which the motorman had put on the radiator under the seat. The court submitted to the jury whether the motorman was negligent in placing the bottle there and the jury returned verdicts for Mrs. Snow and her husband. Judgment for defendant n. o. v. was entered on the ground that there was no proof that the "motorman's act was done within the scope of his agency and authority on the defendant's business." That conclusion is here for review.

As she was a passenger in the car, the contract of transportation required defendant, though not an insurer, to exercise the highest degree of care and diligence in protecting her while in the performance of the contract. The explosion created no presumption of negligence. But the evidence is that the employees in charge of the car were in default; the motorman placed the cause of the mischief, where, as the jury found, mischief

would result, and the conductor knew of the motorman's act. Mrs. Snow testified "As soon as the people smelled coffee some one said "coffee" and the motorman heard it. When some one said "coffee" he stopped the car and came in and just swore at me for about five minutes for making a fuss over his bottle of coffee being exploded, and the conductor came in and said it was the motorman's coffee." Whether or not the explosion was to be expected as a result of placing the bottle on the radiator is of course settled by the verdict. It is clear then that defendant's employees did not conduct the transportation of plaintiff with the degree of care required by the law. The subject was so fully considered by President Judge RICE in Atherholt v. Motor Co., 27 Pa. Superior Ct. 141, where the relation of passenger and carrier existed, and in Greb v. Penna. R. R. Co., 41 Pa. Superior Ct. 61, where that relation was treated as ended, that nothing need now be added; see also Spagnol v. R. R. Co., 279 Pa. 205, 209; Gaussman v. Ry. Co., 55 Pa. Superior Ct. 542; Diffenderfer v. R. R. Co., 67 Pa. Superior Ct. 187; Durando v. Transit Co., 80 Pa. Superior Ct. 65.

In each appeal, the judgment is reversed and the record remitted with instructions to enter judgment for the plaintiff on the verdict.