[Civ. No. 4737.  First Appellate District, Division Two.—November 13, 1924.]

## HENRY HILDEBRANT, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

[1] CARRIERS—PERSON INTENDING TO BECOME PASSENGER—SPEED OF CAR—NEGLIGENCE.—A person waiting to board a street-car does not become a passenger thereon where it rounds a curve, which immediately precedes a mark on the street where said person is standing, at a slow rate of speed and proceeds to said mark at the same rate of speed, and said person, who does not signal the car to stop, attempts to · board the car after it has passed said mark and has increased its speed.

[2] ID.—SLACKENING OF SPEED OF CAR—NOT INVITATION TO PERSON TO BECOME PASSENGER—NEGLIGENCE.—The mere slackening of the speed of a car when approaching a crossing or rounding a curve is not in itself an invitation for one to become a passenger, and it is not in itself negligence on the part of the operator of the car to reduce his speed under such circumstances or to increase it after the emergency has passed.

(1) 10 **C. J.**, p. 618, sec. 1041.   (2) 10 **C. J.**, p. 951, sec. 1368 (Anno.).

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. J. Van Nostrand, Judge.  Reversed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, and Chas. S. Peery and F. A. Devlin, Assistant City Attorneys, for Appellant.

Dahlin & Jackson for Respondent.

NOURSE, J.—Plaintiff sued for damages suffered by him while attempting to board a street-car operated by the defendant.  The accident occurred about 9:30 P. M. on the 13th of November, 1919.  Plaintiff had been a passenger on

1.  Effect of signaling car to make one a passenger, notes, 13 L. R. A. (N. S.) 283; 25 L. R. A. (N. S.) 408; L. R. A. 1916C, 1022.
2.  Boarding moving street-car as negligence, note, 2 Ann. Cas. 940.

a Market Street car operated by the defendant coming east through the Twin Peaks tunnel. He obtained a transfer and alighted from said car at Market and Church Streets. He then went to the southwest corner of Market and Church Streets and there waited on the sidewalk for the Church Street or "J" car, which came west on Market Street and turned at that point to go south on Church Street. At that point four street railway tracks were maintained on Market Street, the municipal or "J" line occupying the outer or northerly track. As this car approached the intersection it made a wide curve across Market Street passing over these four tracks, and, as was customarily the case, slowed down to a speed of about three and a half miles an hour. As the "J" car on this occasion crossed Market Street into Church the plaintiff walked out to a white line upon the pavement which he at sometimes described as a safety station but later explained to be merely a line parallel with the curve or what is known as a danger line to guard passengers and vehicles from the swing of the car on the curve. He did not signal the car to stop. He testified that the motorman saw him—a mere conclusion on his part which was expressly denied by the motorman on the stand. The speed of the car was not reduced from that maintained while it was rounding the curve crossing the tracks on Market Street, and there is not a word of evidence to support plaintiff's contention that the car slowed down as an invitation to him to board it. As soon as the car reached the straight line of Church Street it was increased to the usual speed and after it had passed the white line, or safety mark, the plaintiff attempted to board it, making "a few strides to get on it." While thus attempting to board the car he was holding a bundle of boards under his left arm. He got his feet upon the lower step of the car and was holding on to the stanchion with his right hand and attempting to reach the platform when the increased speed of the car jolted him off and he fell to the pavement, sustaining the injuries which are the basis of the action. The cause was tried before the court without a jury and judgment in the sum of two thousand dollars was awarded to the plaintiff, from which the defendant prosecutes this appeal under section 953a of the Code of Civil Procedure.

[1]  It is conceded by respondent that the main question involved is whether or not he was a passenger at the time of the injury.  He also concedes that where a person is injured in attempting to board a car three things are necessary to bring about the relation of passenger and carrier: "1. He must have signaled or otherwise attracted the attention of the operator of the car that he desired passage. 2. He must have been seen or could have been seen by the operator of the car. 3. The car must have slowed down sufficiently to show his acceptance." (*Davey* v. *Greenfield*, 177 Mass. 106 [58 N. E. 172].)

From the respondent's own testimony it appeared that he did not give the motorman or the conductor any signal that he was about to board the car.  He did testify that the motorman saw him standing on the street, but this, of course, was merely a conclusion on his part and was expressly denied by the motorman.  Even so, there is no evidence that he gave the motorman any indication that he was about to become a passenger or that the motorman knew, or had reason to believe, that he was about to board the car.

As to the third essential mentioned in the case cited, all the evidence is without conflict that the car commenced to slow down when it began to take the turn at the northeast intersection of Market Street, and that during the entire swing around this curve it proceeded at a rate of about three and one-half miles an hour crossing four tracks in its progress, and there is no evidence of any nature that the speed of the car was reduced as it approached the place where the respondent stood.  On the other hand, the evidence is plain and unmistakable that before the respondent attempted to board the car it had passed the white line or safety mark and its speed had been increased.  There is, therefore, no evidence that the operator of the car, by reducing his speed or indicating that he was about to stop, invited the respondent to become a passenger.  All the evidence is that the car was operated in a careful and prudent manner and in the customary way so that evidence of negligence on appellant's part is wholly lacking.  The case is similar in its facts to *Ginnochio* v. *San Francisco*, 194 Cal. 159 [228 Pac. 428], where the evidence was reviewed and the intimation given that it did not prove negligence.  The same case was

before this court in 42 Cal. App. Dec. 395, where we held that the facts did not warrant a finding of negligence on the theory that the party was invited to become a passenger by the mere slackening of the speed of the car. *Fremont* v. *Metropolitan St. Ry. Co.*, 83 App. Div. 414 [82 N. Y. Supp. 307], and *Monroe* v. *Metropolitan St. Ry. Co.*, 79 App. Div. 587 [80 N. Y. Supp. 177], cover the same point.

[2] The weight of authority is that the mere slackening of the speed of a car when approaching a crossing or rounding a curve is not in itself an invitation for one to become a passenger and that it is not in itself negligence on the part of the operator of the car to reduce his speed under such circumstances or to increase it after the emergency has passed. The respondent does not charge the appellant with any other act of negligence and there is no evidence to support the judgment.

Judgment reversed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 12, 1924, and the following opinion then rendered thereon:

NOURSE, J.—In his petition for a rehearing in the above-entitled cause the respondent complains that we have overlooked material points in the evidence and also that we have disregarded the findings of fact made by the trial court.

As to the first point it is urged that our former opinion assumed that the respondent stood on the sidewalk, or curb, as the street-car was rounding the curve and crossing the tracks on Market Street, whereas he states that there is some evidence that he was at that time standing on the safety zone in the street. We made no point in the conflict in the evidence in this respect, but treated the fact as entirely immaterial to the case. The point which we were discussing—the evidence of negligence on the part of the appellant—did not in any way depend upon the position of the respondent at the time the street-car was approaching this zone. It is also suggested that we relied upon the conflict in evidence as to whether this space was a safety zone, as that term is now used, and that we also intimated

that the respondent was guilty of contributory negligence. Neither of these assertions is correct. In stating the evidence in the record we endeavored to give the entire story of the case in order to point out the entire evidence upon which the court's findings were based. We did not criticise or depart from any of the findings of fact made by the trial court. The point which we endeavored to stress was that the court did not find facts which charged the defendant with negligence as a matter of law.

To restate the proposition, the charge of negligence depended upon the diminishing of the speed of the street-car *as an invitation* to the respondent to board the car and thereby become a passenger. The finding of the trial court in this respect was that the car was operated in a westerly direction on Market Street and then turned in a southerly direction across Market Street going south on Church Street; that "the motorman thereof diminished the speed of the street-car until the said car was almost at a standstill and negligently and carelessly gave no indication of his intention to proceed without stopping, but negligently and carelessly led the said plaintiff reasonably to believe that he intended to stop the said street-car at the aforesaid regular and customary stopping place." This finding is unintelligible without a reference to the evidence upon which it is based. By turning to the record we find that the evidence is that the motorman of the car commenced to diminish his speed as he began to take the turn on the northerly side of Market Street, and that he crossed the four tracks running easterly and westerly on Market Street and came into Church Street at a speed of three and one-half miles an hour, but that he did not over this distance of more than one hundred feet make any change in his rate of speed as he approached the station upon which the respondent was standing. That is to say, that the motorman diminished his speed *when he began to take the turn* across Market Street, and the finding that he did diminish the speed of the car does not mean anything more than this, as the point at which the motorman changed his speed was not found. Under the rule of the Davey case, which respondent treated as applicable here, it is necessary that the car must have slowed down sufficiently to indicate to the prospective passenger the acceptance of the motorman of his offer to become

a passenger, that is to say, that one who has the control of or who is operating a car must do something by way of an invitation to one to board the car before the relation of passenger and carrier is created so as to render the carrier liable in damages under the passenger relation. All the evidence shows without conflict that there was no change in the rate of speed of the car while it was making the turn across the Market Street tracks, and that this rate was not less than three or four miles an hour. The court merely found that the motorman diminished the speed of the car *as he approached* the station and this is in harmony with the evidence. The evidence is that the car did not stop, but that it glided along and went *beyond* the mark and that *then* the respondent says: "I made a few strides and got on it." Thus, if the diminishing of the speed in taking the curve could be treated as an invitation to become a passenger, that invitation was withdrawn when the car passed the respondent at the station before he *accepted* it. It is not necessary for us to hold that he was guilty of contributory negligence in running after the car and in endeavoring to board it while in motion, but we do hold that *after* the car passed the mark the respondent was acting without invitation on appellant's part. Upon this showing we were satisfied that the case was, like the Ginnochio case, one in which the relation of passenger and carrier had not arisen.

The petition for rehearing is denied.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 12, 1925.

All the Justices concurred.