[Civ. No. 3617. Fourth Dist. Aug. 8, 1946.]

MARIA GARCIA, Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

Huntington P. Bledsoe for Appellant.

Clarence Harden and Henry F. Walker for Respondent.

GRIFFIN, J.—Defendant appealed from a judgment, rendered by the trial court sitting without a jury, which was for a claimed injury occurring to plaintiff while she was attempting to board a motor bus operated by the defendant company.

The only questions raised on this appeal are that the evidence is insufficient to justify the finding of negligence on the part of the defendant company and that plaintiff was guilty of contributory negligence as a matter of law.

On the date of the accident; February 10, 1945, plaintiff, during the 5 o'clock rush hour of traffic in the evening, attempted to board the incoming bus at Fifth and E Streets

just before it made the "loop" for the return trip. She boarded the bus at this point because she was tired, wanted a seat, and desired to avoid the rush at the plaza, which was the terminal for outbound traffic.

The motorman testified that it was a "pretty common practice" of some passengers to take the inbound bus at that point to avoid the traffic rush at the terminal.

Plaintiff possessed a weekly pass. The fares are collected on the incoming buses when the passengers enter, and on the outgoing buses when the passengers alight. The bus was equipped with folding doors at both front and rear and, by means of a lever, the doors were opened and closed by the driver. It had two inside mirrors, one over the rear door and the other at the right of the driver, and, according to some of the testimony, by looking into the front mirror there was "a clear view" or "a full view" of the "rear door . . . rear door steps" and to the "outside, right by the step," at the rear.

Defendant asserts that there were oral rules or regulations, promulgated by it, that on incoming buses passengers were to enter by the front door only, and that they may exit at either door; that passengers on outgoing buses could enter at either door, but were to exit only by the front door. No copy of such rule or regulation was introduced in evidence. Apparently it consisted of oral instructions given the driver, and no notice thereof was posted on the bus. Passengers, unacquainted with the rule, could know only by actual knowledge or by being told of it by the driver or other persons.

Plaintiff contends that she had a pass and that although she knew that fares were collected from the passengers at the front end of the bus on incoming trips, she had never been told she should not enter the incoming bus by way of the rear door. She testified that on the date of the accident, the bus stopped on Fifth Street at E; that there were people at the front end trying to get on; that the bus was crowded and people were getting off at the rear end; that other people were trying to and did get on at the rear door ahead of her; that "that is the way they do every time"; that those who get on in the rear hold up their passes and show them to the driver, or step up and pay their fares; that she had gotten on at the rear of the inbound bus on several other occasions, —she did not remember the number. (There is some conflict between her testimony in her deposition and her testimony at

the trial in this respect.) She then testified that she was trying to get on the car; that there were people getting on ahead of her; that she was the last one of the group and that she grasped the right-hand handle, stepped her right foot up on the step, and did not know whether she had lifted her left foot onto the step or not when the driver closed the rear door, which threw her to the pavement and injured her.

The bus driver testified that there had been occasions when passengers had attempted to get on at the rear of the bus on inbound trips; that he would let them on, collect their fares, and then explain to them that inbound passengers were supposed to get on at the front entrance; that on this particular occasion, at the time of the accident, passengers got off at both ends of the bus; that as he started the bus he looked in the mirror and saw that the rear steps were clear and that no one was attempting *to leave the bus;* that the passengers were not permitted, nor was it their practice to board an inbound bus by its back door at Fifth and E Streets; that passengers approaching the bus to board it through the rear doors could not be seen by him if he had a full load, until such persons had actually gotten in the door; that he did not see plaintiff attempt to enter through the rear door or know she had so attempted to enter until after the accident; that he then got out and found plaintiff sitting on the curb.

Upon this evidence the court found the defendant to be guilty of negligence and that the plaintiff was not guilty of contributory negligence. It rendered judgment accordingly. A motion for new trial was denied.

Defendant argues that the plaintiff was not a passenger; that therefore it did not owe the plaintiff the highest degree of care, and that since the relationship of passenger and carrier did not exist, the only obligation resting upon the carrier was that of using ordinary care, citing *Foster* v. *Seattle Electric Co.,* 35 Wash. 177 [76 P. 995]; *Hildebrant* v. *San Francisco,* 69 Cal.App. 590 [231 P. 1008].

It is also argued that the evidence is undisputed that the plaintiff knew that she was required to board the bus through the front door and pay her fare to the operator of the bus who was stationed and sitting in the front of the bus opposite such door, and that the defendant's operator had a right to assume that the plaintiff would do so and that she would use ordinary care for her own protection and would not

attempt to crowd or push her way into the bus through the rear door which had been opened by him for the purpose of permitting passengers to alight; that defendant owed plaintiff no duty to protect her against the crowd and that if she were injured by reason of the crowded conditions and the rushing of other passengers the defendant would not be liable, citing *Spagnol* v. *Pennsylvania Railroad Co.*, 279 Pa. 205, 208 [123 A. 781, 32 A.L.R. 1313]; and *Dougherty* v. *Union Traction Co.*, 23 Cal.App. 17, 24 [136 P. 722].

The evidence shows that on outgoing buses passengers were permitted to use, indiscriminately, either the front or rear doors in boarding the buses. While the driver testified he had instructions that passengers were to board an incoming bus through the front door so the fares then could be collected, the evidence reveals that these instructions were not followed without deviation. No notices were posted by defendant that passengers were or were not to enter the buses through any particular door. The instructions were not conveyed to passengers other than by word of mouth from the driver, and there is nothing to show that plaintiff was ever so notified. Plaintiff may have known that passengers from whom fares were to be collected should enter through the front door. She had a weekly pass and was entitled to passage without payment of any additional fare. She had seen others, on previous occasions, enter incoming buses through the rear door and display their passes from the rear. She said she had done this herself on prior occasions. The evidence and inferences to be drawn therefrom show that passengers, holding weekly passes, were, on occasions, permitted to board incoming buses through the rear door and, according to plaintiff's testimony, at the very time involved, many passengers did enter the bus through the rear door ahead of her.

The question whether the rule testified to by the driver was always strictly enforced by him or whether he permitted passengers to enter the rear of the bus at this particular point in violation of the rule, was a pure question of fact for the determination of the trial court. Under the testimony produced by plaintiff, if believed by the trial court, there was sufficient evidence for the court to hold that she became and was a passenger at the time of her injury. (*Ivancich* v. *Davies*, 186 Cal. 520 [199 P. 784]; *Sanchez* v. *Pacific Auto Stages*, 116 Cal.App. 392, 396 [2 P.2d 845]; *Hellman* v. *Los Angeles Ry. Corp.*, 135 Cal.App. 627 [27 P.2d 946, 28 P.2d

384] ; *Franz* v. *Holyoke St. Ry. Co.*, 239 Mass. 565 [132 N.E. 270].) The authorities cited and relied upon by defendant do not hold to the contrary.

The evidence establishes the fact that plaintiff had one foot upon the step and her right hand upon the door-rail and was immediately behind other passengers who had entered ahead of her. By the driver's own testimony, it was established that two mirrors were so placed that by looking in the front mirror he could obtain a clear view of the rear door, the rear steps, and to the outside, right by the step at the rear, unless the bus was so crowded that his vision was impaired. Whether the bus was thus crowded, and whether the driver did look but did not see plaintiff, or failed to look and see her in this position was a question of fact for the determination of the trial court. It was apparently after the plaintiff was in the position described that the driver manipulated the lever and closed the rear door, thereby throwing her to the pavement. Whether or not the driver used or exercised ordinary care under the circumstances described was a factual question. The act of opening or closing the doors, when done without exercising ordinary precaution at a time when a passenger is boarding, may constitute negligence. (*Ryan* v. *Pittsfield Electric St. Ry. Co.*, 203 Mass. 283 [89 N.E. 527] ; *Fordham* v. *London, Brighton & South Coast Ry. Co.*, L. R. 3 C. P. 368; *Oettinger* v. *Stewart*, 24 Cal.2d 133 [148 P.2d 19, 156 A.L.R. 1221].)

It is only where the evidence is such that the sole inference to be drawn is one of negligence which proximately contributes to the injury of a plaintiff that it may be said that contributory negligence exists as a matter of law. We do not believe that that situation here exists.

The argument that the evidence shows without dispute that the plaintiff pushed, shoved, and crowded her way through the passengers who were being discharged from the bus is not meritorious. It cannot be held, as a matter of law, that the evidence so shows. Neither can it be maintained that the plaintiff voluntarily and knowingly attempted to board the rear door of the bus in violation of defendant's regulations. If she had, on frequent prior occasions, boarded an incoming bus through a rear door, and had frequently seen others do the same, who showed their passes from the rear of the bus, there was no conclusive showing made by the defendant that the passengers were not permitted, at

least passively, to board an incoming bus by the rear door. The truth of the statements of the witnesses on this subject was a matter for the trial court to determine. While the evidence might well have supported a contrary finding, it cannot be said that there was a showing of contributory negligence as a matter of law. (*Pruitt* v. *San Pedro, L. A. & S. L. R. R. Co.*, 161 Cal. 29 [118 P. 223, 36 L.R.A.N.S. 331]; *Cett* v. *Pacific G. & E. Co.*, 192 Cal. 621 [221 P. 376]; 4 Cal.Jur. § 106 et seq., p. 961.)

Judgment affirmed.

Barnard, P. J., concurred.

A petition for a rehearing was denied August 28, 1946.