Victor Alvarez **TEAL**
v.
**KING FARMS COMPANY.**
Civ. A. No. 19276.

United States District Court
E. D. Pennsylvania.
Feb. 24, 1960.

See also, 18 F.R.D. 447.

Techner, Rubin & Shapiro, by Martin Techner, Philadelphia, Pa., for plaintiff.

Harris, Hammond & Harris, by Peirce A. Hammond, Jr., Philadelphia, Pa., for defendant.

WOOD, District Judge.

This was a suit for personal injuries incurred when plaintiff was apparently robbed and beaten while on the property of defendant, King Farms Company, by a fellow laborer, one Gomez. Plaintiff had been employed by the defendant as a laborer, but a few days prior to the alleged beating, plaintiff had been fired. At the time of the alleged beating, plaintiff was on the defendant's property, not as an employee, but as a licensee, since defendant had allowed plaintiff to remain on defendant's premises long enough to gather together his possessions.

At the trial the alleged robber and assaulter of plaintiff was not available to testify, and the plaintiff himself was physically and mentally incapable of testifying. Plaintiff's attorney attempted to prove the actual occurrence of the robbery and beating by repeated attempts to introduce hearsay testimony. Although we do not base our decision of this motion on the sufficiency of plaintiff's proof of the assault, we do note the inadequacy of that proof.

Plaintiff's attorney tried the case on the theory that the defendant had a duty to employ a "reasonable number" of policemen or constables to patrol the farm, that defendant breached this duty, and that as a result of this breach of duty plaintiff was exposed to the assault and suffered injuries at the hands of the said Gomez. After plaintiff had presented all his evidence, the Court directed a verdict for the defendant. Plaintiff then made this motion for a new trial.

We recognize that plaintiff is not here arguing that the defendant could be held responsible for Gomez' alleged assault upon plaintiff on any principles of agency law. Indeed, such an argument would be completely without merit, since Gomez was clearly acting outside the scope of his employment when he committed the alleged assault. Plaintiff's motion for a new trial is based on the following argument: (1) The plaintiff's evidence established a kind of relationship between the plaintiff and the defendant which placed upon the defendant a duty to plaintiff; (2) that duty was to "reasonably police" the area of the farm so as to protect plaintiff from the conduct of other employees; and (3) the question of whether or not the defendant provided "reasonable police protection" on the farm was a question for the jury—therefore, the Court erred in directing a verdict for the defendant.

■ Fortunately, The Law is much more specific than plaintiff would have it in defining the obligation of an employer to control the acts of his employees when they are acting outside the scope of their employment. We say "fortunately" because it would be a hard society which would make an employer liable for the vicious act of an employee simply because the act took place on the employer's premises. But we need make no social judgments here in order to hold this defendant blameless for the vicious act allegedly committed by its employee, Gomez. The Restatement of Torts, Section 317,[1] defines the duty of the master to control the conduct of his servant. It reads in part as follows:

"A master is under a duty to exercise reasonable care so to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others * * *, if

"(a) the servant

"(i) is upon the premises in possession of the master * * *, and

"(b) the master

"(i) knows or has reason to know that he has the ability to control his servant, and

"(ii) knows or should know of the necessity and opportunity for exercising such control."

This rule of law is based on the premise that a master ordinarily has the ability to control his servant because the master can threaten him with loss of his employment if the servant does not obey. It logically follows that unless the master had some warning that a particular servant was going to act lawlessly, there would be no occasion for the master to attempt to exercise his measure of control over that servant. Therefore, the Restatement rule requires the master to be aware of his ability to control his servant and to have reason to know of "the necessity and opportunity for exercising such control."

■ Applying the law to the facts in the case at bar, the plaintiff produced no evidence whatever which would tend to show that the defendant had any reason to know of the necessity for controlling the actions of the said Gomez. On the contrary, the evidence tended to show that an investigation by the defendant's personnel manager revealed no past police record of Gomez. Nor was there any evidence that defendant knew or had reason to know that Gomez had been in any trouble while employed on the defendant's farm prior to the alleged assault. Under these circumstances, as a matter of law, the defendant had no duty to exercise reasonable care to control his servant Gomez while the said Gomez was acting outside the course of his employment.

The Pennsylvania Courts have followed the law as we have stated it from

---

1. Section 318 defines the duty of an owner of land to control the conduct of a person on the land with the owner's permission. The duty is the same as that set forth in Section 317 re an employer's duty to control the conduct of his employees on the employer's land.

the Restatement. Counsel for the defendant has called our attention to several Pennsylvania cases in point.[2] Without setting forth in detail the facts and holdings in these cases, we observe that they are in accord with the view of the Restatement. In the Hillebrecht case (see footnote 2) the plaintiff was a passenger on the defendant's streetcar. Another passenger, apparently intoxicated, became belligerent and threatened the plaintiff. The conductor came to the rescue and quieted the parties, but while he was standing between plaintiff and the belligerent passenger, suddenly and without any warning a third passenger jumped up and struck plaintiff on the head. Plaintiff attempted to hold the streetcar company responsible for the assault on the theory that the streetcar company had the duty to control the passenger who struck plaintiff, since the company through its conductor had forewarning of the event. The Court entered a judgment N.O.V., and said in 55 Pa.Super. at page 209:

> "A carrier is not liable for injuries to a passenger resulting from the negligence or unlawful acts of a fellow passenger *unless prior to the act* which causes the injury *the conduct of the offending party* has been such to give rise to a reasonable apprehension of injury to other parties. * * *" [Emphasis supplied.][3]

This case clearly demonstrates that Pennsylvania law requires the apprehension of danger by the master *of a particular person.* That is to say, in order to be held responsible for Gomez' alleged assault, defendant would have had to have had some reason to suspect that *Gomez* would act violently *and* would have had to have been able to control Gomez' conduct. The plaintiff's evidence failed entirely to establish either of these possibilities.

### Order

And now, to wit, this 24th day of February, 1960, It Is Ordered that the plaintiff's motion for a new trial is hereby Denied.

---

2. See Dincher v. Great A & P Tea Co., 356 Pa. 151, 51 A.2d 710; Cherillo v. Steinberg, 118 Pa.Super. 485, 180 A. 115; Sheets v. Sanbury & N. Electric Railroad Co., 237 Pa. 153, 85 A. 92; Hillebrecht v. Pittsburgh Rys. Co., 55 Pa. Super. 204.

3. Although this case did not deal with a master's duty to control his servant, it dealt with the parallel duty of a property owner as set forth in Section 318 of the Restatement.