**Victor Alvarez TEAL, Appellant,**

v.

**KINGS FARMS COMPANY.**

No. 13245.

United States Court of Appeals
Third Circuit.

Argued Oct. 18, 1960.

Decided Dec. 28, 1960.

or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

Martin Techner, Philadelphia, Pa., for appellant.

Peirce A. Hammond, Jr., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

Plaintiff, Victor Alvarez Teal, appeals from an Order denying his motion for a new trial and judgment on a directed verdict for the defendant, Kings Farms Company, in his action to recover damages for severe injuries suffered in an assault on him by a fellow employee on defendant's farm in Bucks County, Pennsylvania.

Jurisdiction is based on diversity.[1] Pennsylvania law controls.

Plaintiff's theory, below and here, is that defendant breached its duty to adequately police his property so as to prevent injuries to persons thereon by any of its employees, and that defendant "was under an affirmative duty" to protect plaintiff from injury by a fellow employee because "of the socially recognized relations" between employer and employee.

The testimony adduced by the plaintiff is set forth in detail in the opinion of the District Court reported at 181 F.Supp. 235 (E.D.Pa.1960).

It may be summarized as follows:

Defendant owns and operates a farm comprised of some 6,500 acres, nearly half of it composed of lakes and ponds. The farm area is interspersed with a number of public roads. The farm lies partly in Tullytown Borough and partly in Falls Township (between Bristol and Morrisville). The police of both communities patrol the area frequently and there are occasional patrols by the Pennsylvania State Police. Defendant employs a full-time peace officer to patrol its farm.

Defendant employs between 125 and 500 help on its farm and augments its work force with occasional extra daily help up to 300 persons during July, the peak period of its operations. Defendant's employees are largely of Puerto Rican origin. They work in gangs of 20 to 30 under foremen in the cultivation and harvesting of crops. Defendant maintains cabins for both single and married employees and dining, social, religious and infirmary facilities.

Employees are required to complete job application forms and are interviewed by defendant's managerial officer; their backgrounds are checked insofar as possible.

One Vidal Cintron Gomez was employed by defendant as a laborer after completing the required application and being interviewed but his background could not be checked because he had only recently entered this country. It was as-

---

1. Plaintiff is a citizen of New York. Defendant is a Pennsylvania corporation.

·certained that he had worked briefly in upstate New York subsequent to his entry.

On August 11, 1953 Gomez allegedly robbed, assaulted and severely injured plaintiff while the latter was in his cabin. Plaintiff's employment had terminated several days prior to the alleged robbery and assault but he had been granted permission by defendant to stay on a few days to wind up a private little business ·of selling odds and ends to his fellow workmen.

Gomez subsequently pleaded guilty in the Bucks County Court to an indictment ·charging him with assaulting plaintiff. Evidence to this effect was admitted by the District Court over defendant's objection. Plaintiff did not testify to the assault at the trial because of his physi-·cal and mental condition nor did any ·other witness. We note parenthetically that we do not concern ourselves here with the issue of the admissibility of evi-·dence relating to Gomez's plea of guilty ·as establishing the robbery and assault; for the purpose of our disposition we shall assume the adequacy of plaintiff's ·proof of the robbery and assault by ·Gomez.

It may be added that a police investigation subsequent to the assault failed to disclose any prior criminal record as ·to Gomez. Further, there was no evi-·dence of any wrongdoing by Gomez while he was in defendant's employ prior to ·the assault. It may be added that the ·testimony established that prior to the assault there was no experience on defendant's farm of assaults or violence or ·thefts on the part of employees.

The foregoing brings us to consideration of plaintiff's contentions with re-·spect to defendant's liability for the as-·sault on plaintiff.

█ As we earlier stated, Pennsylvania law controls. Pennsylvania courts subscribe to and have applied[2] Section 317, Restatement of Torts which reads in applicable part as follows:

> "A master is under a duty to exercise reasonable care so as to control his servant while acting outside the course of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if
>
> \*    \*    \*    \*    \*    \*
>
> "(b) the master
>
> \*    \*    \*    \*    \*    \*
>
> "(ii) knows or should know of the necessity and opportunity for exercising such control."

It may be noted that even prior to the articulation of Section 317 in 1934 Pennsylvania courts applied the principle therein stated.

A century ago it was held in Frazier v. Pennsylvania Railroad Co., 1861, 38 Pa. 104, 110–111, that an employer is liable for injuries suffered by one employee at the hands of another where the "carelessness" and "unfitness" of the offending employee were earlier known to the employer.

In 1911 Rosenstiel v. Pittsburg Rys. Co., 230 Pa. 273, 79 A. 556, 33 L.R.A., N.S., 751, held to the same effect.

The District Court in its Opinion, 181 F.Supp. at page 237, correctly ruled that " \*    \*    \* Pennsylvania law requires the apprehension of danger by the master *of a* particular person" in order to permit recovery by an aggrieved employee, and in further holding that:

> " \*    \*    \* in order to be held responsible for Gomez' alleged assault, defendant would have had to have had some reason to suspect that *Gomez* would act violently *and* would have had to have been able to control Gomez' conduct. The plaintiff's evi-

2. Dincher v. Great A. & P. Tea Co., 1947, 356 Pa. 151, 158, 51 A.2d 710. Dolan v. Linton's Lunch, 1959, 397 Pa. 114, at page 123, note 3, 152 A.2d 887, cited Dincher and Section 317 of the Restatement, Torts, in holding that an employee may recover from his employer damages for injuries inflicted by a fellow employee whose record of prior assaults was known by the employer.

**65**

dence failed entirely to establish either of these possibilities."

■ The record below fails to disclose any evidence from which a jury could have reasonably found that defendant had any notice of vicious or criminal disposition on the part of Gomez prior to his assault on plaintiff or that it should have known "the necessity and opportunity for exercising * * * control" with respect to Gomez.

Under the circumstances which existed in this case there would be no basis for a jury finding that defendant failed to adequately police its property and/or Gomez, and the District Court properly directed a verdict for the defendant.

A final comment. We can find nothing in the Pennsylvania cases to indicate support for plaintiff's theory that "the socially recognized relations" between employer and employee obligated defendant to do more than is required of it by Section 317 of the Restatement of Torts.

For the reasons stated the Order of the District Court denying plaintiff's motion for a new trial and the Judgment entered in favor of the defendant will be affirmed.

See also 272 F.2d 495.

Albert A. Roberts, East Point, Ga., for appellant.

William C. O'Kelley, Asst. U. S. Atty., Atlanta, Ga., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before JONES, Circuit Judge, and JOHNSON and HOOPER, District Judges.